| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:22-CR-99 |
| | § | |
| JAMIE KYLE ST. ANDRE | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Jamie Kyle St. Andre's ("St. Andre") *pro se* letter motion (#273), wherein he challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated the length of his sentence.  Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be dismissed.

I.    Background

On May 3, 2023, pursuant to a binding plea agreement, St. Andre pleaded guilty to conspiracy to possess with intent to distribute a Schedule II controlled substance (cocaine and methamphetamine (actual)), in violation of 21 U.S.C. § 846.  On April 2, 2024, in accordance with the plea agreement, the court sentenced St. Andre to 120 months' imprisonment.  The judgment specified that:

> The term of imprisonment imposed by this judgment shall run consecutively to the defendant's revocation in the 182nd District Court of Harris County, Texas, Docket No.: 1582736, as well as any other future state sentence.  The term of imprisonment imposed by this judgment shall run concurrently to the undischarged term of imprisonment in the 182nd District Court of Harris County, Texas, Docket No.: 1682610.

St. Andre is currently housed at Federal Correctional Institution Ray Brook ("FCI Ray Brook"), located in Ray Brook, New York.  St. Andre's projected release date is March 7, 2033.

II.    Analysis

Out the outset, the court observes that St. Andre has addressed his *pro se* letter motion to "Garcia A. Crone," rather than the undersigned, "Marcia A. Crone." More significantly, St. Andre did not sign his motion. Federal Rule of Criminal Procedure 49(b)(4) provides:

> Every written motion and other paper must be signed by at least one attorney of record in the attorney's name—or by a person filing a paper if the person is not represented by an attorney. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or person's attention.

FED. R. CRIM. P. 49. Accordingly, St. Andre is cautioned to adhere to the requirements of Rule 49 in any future filings.

In his motion, St. Andre contends that the BOP refuses to credit the time he served in state custody for the sentence imposed by the 182nd District Court of Harris County, Texas, in Docket No.: 1682610, toward his federal sentence. The proper procedural vehicle for such a request is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See United States v. Johnson*, No. 21-60616, 2022 WL 2462581, at *1 (5th Cir. July 6, 2022) (holding that § 2241 is the proper vehicle to seek credit against a federal sentence for the time spent in state custody); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018) (quoting *United States v. Setser*, 607 F.3d 128, 133 n.3 (5th Cir. 2010)); *Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016); *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015); *United States v. Howard*, 594 F. App'x 248, 249 (5th Cir. 2015) (noting that the Attorney General's decision in calculating a prisoner's time served is reviewable through a 28 U.S.C. § 2241 petition).

2

A federal prisoner must exhaust his administrative remedies before seeking habeas corpus relief in federal court under § 2241. *United States v. Poff*, No. 23-20209, 2024 WL 1478881, at *2 (5th Cir. Apr. 5, 2024); *Zuniga v. United States*, No. 23-50430, 2024 WL 138657, at *1 (5th Cir. Jan. 12, 2024) (quoting *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012)); *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020); *Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018); *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). This exhaustion requirement applies to the computation of prior custody sentence credit. *See, e.g.*, *Aparicio*, 963 F.3d at 478; *Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020); *Falcetta*, 734 F. App'x at 287; *Rodriguez-Falcon*, 710 F. App'x at 243. Exceptions are warranted only in "extraordinary circumstances," such as where administrative remedies are unavailable or "wholly inappropriate" or where the petitioner has demonstrated the futility of administrative review. *Fillingham*, 867 F.3d at 535; *Gallegos-Hernandez*, 688 F.3d at 194; *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007).

The BOP has a four-step administrative process by which an inmate may seek a formal review of an issue that relates to any aspect of his confinement. *See* 28 C.F.R. § 542. Initially, a prisoner must present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure is unsuccessful, the prisoner may then submit an Administrative Remedy Request to the warden of the facility where he is incarcerated. 28 C.F.R. § 542.14(a), (c). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If still dissatisfied, the prisoner may appeal to the Office of General Counsel. *Id.* The appeal to the General Counsel is the final administrative appeal provided by the BOP. *Id.*

Here, it appears that St. Andre has not submitted any formal request to have his sentence computation reviewed by prison officials. Further, nothing suggests that St. Andre's circumstances are extraordinary. Accordingly, St. Andre's motion requesting that the court review the BOP's calculation of his federal sentence is premature.

Moreover, it is well established that a petition for a writ of habeas corpus under § 2241, when filed by a defendant who is physically confined within the United States at the time of the motion, may be considered only by the district court in the jurisdiction where the defendant is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) ("The only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district in which the prisoner is confined."); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Sharkey v. United States*, No. 3:17-CR-573-D)(1), 2025 WL 1617505, at *2 (N.D. Tex. May 23, 2025); *Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 956 (S.D. Tex. 2009) (holding that the proper jurisdiction for a confined defendant bringing a § 2241 habeas petition was the Eastern District of Texas, where the defendant was confined, not the Southern District of Texas, where the defendant was convicted and sentenced).

Here, St. Andre is currently, and was at the time of his motion, confined in FCI Ray Brook, which is within the jurisdiction of the Northern District of New York. This court, therefore, lacks jurisdiction to address the merits of St. Andre's motion. A district court that

receives a § 2241 habeas petition but lacks jurisdiction, however, may transfer the petition to the appropriate federal district court if the transfer "is in the interest of justice." 28 U.S.C. § 1631; *Chappell v. Colorado*, No. 24-1033, 2024 WL 2973701, at *2 n.5 (10th Cir. June 13, 2024); *Warner v. Rivers*, No. 3:22-CV-621-G-BK, 2022 WL 2195216, at *3 (N.D. Tex. May 31, 2022). A court need not transfer a § 2241 petition, however, if the transfer would be futile. *See Alvarado v. United States*, No. 7:20-CV-0347, 2021 WL 4464186, at *4 (S.D. Tex. May 21, 2021) (stating "[i]t is not in the interest of justice to transfer a clearly meritless case."); *United States v. Blankenship*, Cr. No. 12-00641 JMS, Civ. No. 19-00593 JMS-KJM, 2019 WL 5872471, at *2-3 (D. Haw. Nov. 1, 2019) (explaining that transfer of a prisoner's § 2241 petition was "not in the interest of justice" where the prisoner "[did] not allege that he submitted a claim for administrative remedies, let alone that he exhausted such process"); *Porter v. United States*, No. 4:15-cv-0908-CLS-JEO, 2015 WL 9592432, at *1 (N.D. Ala. July 10, 2015) (recommending that the district court decline to transfer a prisoner's § 2241 petition in part because the prisoner failed to "allege resort to any administrative remedies or why doing so might have been futile"), *adopted by* No. 4:15-cv-0908-CLS-JEO, 2015 WL 9583285 (N.D. Ala. Dec. 31, 2015).

As explained above, St. Andre has not demonstrated that he exhausted his administrative remedies regarding his motion challenging the BOP's calculation of his sentence. Because St. Andre has failed to satisfy this prerequisite to judicial review, a transfer of his motion would be futile and not in the interest of justice. Accordingly, the court declines to transfer St. Andre's motion to the Northern District of New York, and the motion is dismissed without prejudice for lack of jurisdiction.

III.    Conclusion

In accordance with the foregoing analysis, St. Andre's *pro se* letter motion (#273) is

DISMISSED without prejudice.


SIGNED at Beaumont, Texas, this 14th day of May, 2026.


_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE